# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JEFFREY ELMORE**  **PLAINTIFF**
**ADC #091418**

v.                    No: 4:24-cv-00354-BRW-PSH

**ASHLEY KING,** *et al.*                    **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Billy Roy Wilson. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

Plaintiff Jeffrey Elmore filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on April 22, 2024, while incarcerated at the Arkansas Division of Correction's Cummins Unit (Doc. No. 2). On April 24, 2024, the Court granted Elmore's application to proceed *in forma pauperis* (Doc. No. 3). The Court has liberally and carefully reviewed Elmore's complaint and finds that he does not describe facts

sufficient to state a claim upon which relief may be granted, for the reasons described herein.

## I. Screening Standard

Federal law requires courts to screen prisoner complaints. 28 U.S.C. § 1915A, 1915(e)(2). Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915A, 1915(e)(2). Although a complaint requires only a short and plain statement of the claim showing that the pleader is entitled to relief, the factual allegations set forth therein must be sufficient to raise the right to relief above the speculative level. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) ("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ."). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful,

fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983. Elmore complains that the named defendants impeded his use of the ADC's grievance procedure, preventing him from exhausting his administrative remedies as required by the Prison Litigation Reform Act (PLRA).[1] Such claims fail as a matter of law. Inmates do not have a constitutionally protected right to require prison officials to comply with internal rules or procedures. *See Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (federal grievance regulations providing for administrative remedy procedure do not create liberty interest in access to that procedure). *See also Phillips v. Norris,* 320 F.3d 844, 847 (8th Cir. 2003); *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997). Accordingly, Elmore's

---

[1] The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court. *See* 42 U.S.C. §1997e(a). However, an inmate need only exhaust *available* administrative remedies. *East v. Minnehaha Cty.*, 986 F.3d 816, 821 (8th Cir. 2021). "Administrative remedies are not available if 'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" *Id.* (quoting *Ross v. Blake*, 136 S.Ct. 1850, 1860 (2016)). Administrative remedies may also be unavailable if prison officials prevent inmates from utilizing the grievance procedures or fail to comply with such procedures. *See Gibson v. Weber*, 431 F.3d 339 (8th Cir. 2005); *Miller v. Norris*, 247 F.3d 736 (8th Cir. 2001). Exhaustion is an affirmative defense that must be raised and proven by a defendant. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). A plaintiff may therefore show that the procedure was made unavailable to him if the defense is raised by a defendant.

claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### III.  Conclusion

For the reasons stated herein, Elmore's claims should be dismissed without prejudice for failure to state a claim upon which relief may be granted.  It is therefore recommended that:

1. Elmore's claims be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation would not be taken in good faith.

IT IS SO RECOMMENDED this 28th day of May, 2024.

_____
UNITED STATES MAGISTRATE JUDGE